1  Joshua B. Swigart, Esq. (SBN: 225557)
2  josh@westcoastlitigation.com
   Yana A. Hart (SBN: 306499)
3  yana@westcoastlitigation.com
4  **Hyde & Swigart, APC**
   2221 Camino Del Rio South, Suite 101
5  San Diego, CA 92108
6  Telephone: (619) 233-7770
   Fax: (619) 297-1022
7
8  [Additional Attorneys on Signature Page]

9  *Attorneys for Plaintiff*
10 Stephanie Bauman

11

12

13 ## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15  **STEPHANIE BAUMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.:** '18CV1682 L    BGS |
| 16 | |
| 17 | **CLASS ACTION COMPLAINT FOR VIOLATION OF:** |
| 18 | |
| 19                            Plaintiff, | **(1)  CONSUMERS LEGAL REMEDIES ACT (CAL. CIV. CODE §§ 1750, *ET SEQ.*);** |
| 20  v. | **(2)  CALIFORNIA BUS. & PROF. §§ 17533.7 (CALIFORNIA FALSE "MADE IN U.S.A." CLAIM);** |
| 21  **AUSTRALIAN GOLD, LLC, and DOES 1-10,** | |
| 22 | **(3)  CALIFORNIA BUS & PROF. §§ 17200 *Et Seq.*;** |
| 23                            Defendant. | **(4)  NEGLIGENT MISREPRESENTATION; AND** |
| 24 | **(5)  INTENTIONAL MISREPRESENTATION** |
| 25 | |
| 26 | **JURY TRIAL DEMANDED** |
| 27 | **CIVIL UNLIMITED** |
| 28 | |

**Introduction**

1. Plaintiff Stephanie Bauman ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Australian Gold, LLC ("Defendant") in unlawfully labeling Defendant's consumable consumer packaged goods, such as Australian Gold Spray Gel with Instant Bronzer, with the false designation and representation that the products are or were a "Product of U.S.A." The unlawfully labeled products are sold via Defendant's website and in various stores throughout the United States.[1]  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal. 4th 310, 328-29:

> **Simply stated: labels matter**.  The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source…In particular, **to some consumers**, the "Made in U.S.A." label matters.  A range of motivations may fuel this preference, from the desire to support domestic jobs to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (Cal. Bus. & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations

---

[1] Plaintiff seeks class wide relief on behalf of all purchasers of any of Defendant's products that are substantially similar to the consumer packaged product purchased by Plaintiff and labeled as "Made in the USA," or some derivative thereof, that are foreign made or include foreign made components in violation of California law(s), not only the specific Australian Gold Spray Gel with Instant Bronzer (the "Product") purchased by Plaintiff.

of geographic origin)). The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interest of the United States and its industries and workers…"

3. The "Made in U.S.A." claim (or some derivative thereof) is prominently printed on Defendant's products[2], including the product purchased by Plaintiff. Contrary to Defendant's representation and in violation of California law, Defendant's Class Products, including the Product purchased by Plaintiff, include foreign ingredients constituting more than ten percent (10%) of the final wholesale value of the manufactured product.

4. This nationwide sale and advertising of deceptively labeled products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17533.7; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq.; (4) negligent misrepresentation; and (5) intentional misrepresentation. This conduct caused Plaintiff and other similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

**Jurisdiction and Venue**

6. This Court has jurisdiction over this matter because the Plaintiff and Defendant have separate domiciles and the amount in controversy exceeds $75,000: plaintiff lives in Vista, California, Defendant is an Indiana Company, and Plaintiff anticipates $5,000,000 in class recovery.

---

[2] Defendant's Class Products include, but are not limited to, all sizes, configurations and/or other variations of the products listed in "Exhibit A."

7. Jurisdiction is proper pursuant to this Court's general jurisdiction.

8. The Court has jurisdiction over Plaintiff's claims for damages, restitution, injunctive relief, and declaratory relief arising from Defendant's unlawful business practices under California's CLRA, FAL, and UCL; as well as negligent misrepresentation and intentional misrepresentation.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this State and County, has sufficient minimum contacts with this State and County, and otherwise purposefully avails itself of the markets in this State and County through the promotion, sale, and marketing of its products in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to California Code of Civil Procedure section 395(a) because Plaintiff sells products in this county, and this is the county where Plaintiff's injuries arose.

### Parties

11. Plaintiff is an individual who at all times relevant herein is a resident of in the City of Vista, County of San Diego, State of California.

12. Defendant is a limited liability company based in Indiana. Defendant conducts business through Internet sales and mail orders, and at general merchandise stores and outlets within the United States. One of the products sold by Defendant is the Australian Gold Spray Gel with Instant Bronzer ("the Product") purchased by Plaintiff.

13. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the California Civil Procedure Code § 474.  Plaintiff is informed and believes, and thereon alleges that each Defendant designated as a DOE is involved in or is in some manner

responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

14. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 20, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

### Nature of The Case

15. At all times relevant, Defendant made, and continues to make, affirmative misrepresentations regarding its Class Products, including the Product purchased by Plaintiff, it manufactures, markets and sells. Specifically, Defendant packaged, advertised, marketed, promoted, and sold its Class Products as a "Made in U.S.A.," or some derivative thereof.

16. However, although Defendant represents that its Class Products are "Made in U.S.A." (or some derivate thereof), Defendant's Class Products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

17. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the similar labels were prominently placed on all of the Defendant's Class Products that were sold, and are currently being sold, throughout the United States and within the State of California.

18. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other similarly situated consumers have purchased Defendant's Class Products under the false impression that the products were actually made in the U.S.A.

19. As a result of Defendant's misrepresentations, Plaintiff and other consumers similarly situated overpaid for the Defendant's Class Products, and/or purchased the Class Products under the false belief that the product they purchased was made in the U.S.A. Had Plaintiff and other consumers similarly situated been made aware that Defendant's Class Products were not actually made in the U.S.A, they would not have purchased the products.

20. As a result of Defendant's false and misleading statements and failure to disclose, as well as Defendant's other conduct described herein, Plaintiff and other similarly situated consumers purchased thousands, if not millions, of Defendant's Class Products and have suffered, and continue to suffer, injury in fact, including the loss of money and/or property.

21. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

22. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

## Factual Allegations

23. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant manufactures, markets and/or sells various products that have been and are currently still represented as "Made in U.S.A." Defendant's makes these representations on the Class Products themselves.

25. Contrary to the representation, Defendant's Class Products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

26. Based upon information and belief, the offending Product purchased by Plaintiff contains foreign ingredients not made in the U.S.A.

27. Based upon information and belief, the offending Product purchased by Plaintiff, and presumably all of Defendant's Class Products that are substantially similar and contain articles, units, or parts that are obtained from outside the United States and said articles, units, or parts constitute more than ten percent (10%) of the final wholesale value of the manufactured product, contrary to Defendant's "Made in U.S.A" (or similar words) representations.

28. Defendant markets, and continues to market, and represent to the general public via its packing and its Class Products' labels that the Class Products are "Made in U.S.A." As such, Defendant fraudulently concealed the material facts at issue in this matter by misrepresenting to the general public the true country of origin of the offending products. Defendant possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

29. Consumers are particularly vulnerable to these deceptive and fraudulent practices.  Most consumers possess limited knowledge of the likelihood that products, including the component products therein, claimed to be made in the United States are in fact manufactured in foreign countries.  This is a material factor in many individuals' purchasing decisions, as they believe they are purchasing superior goods while supporting American companies and American jobs.

30. Consumers generally believe that "Made in U.S.A." products are of higher quality than their foreign-manufactured counterparts.  Due to Defendants' scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendant's products at inflated prices.

31. On information and belief, Defendant charged excess monies for its Class Products in comparison to Defendant's competitors during the entirety of the

1    relevant four-year statutory time period, based on the false "Made in U.S.A."

2    designation (or some derivative thereof). California laws are designed to protect

3    consumers from such false representations and predatory conduct.  Defendant's

4    scheme to defraud consumers for its own self-interest and monetary gain is

5    ongoing and will victimize consumers daily for the foreseeable future unless

6    altered by judicial intervention.

7    32. On November 16, 2015 Plaintiff purchased Defendant's product, Australian

8       Gold Spray Gel with Instant Bronzer from Target. At the time of Plaintiff's

9       purchase, the packaging or label of the offending product described the

10      supplement as "Made in U.S.A.," when the product actually was made and/or

11      contained components, constituting more than ten percent (10%) of the final

12      wholesale value of the product, made outside of the United States. These foreign

13      ingredients include: Octocrylene, Aloe Barbadensis Leaf Juice,

14      Butylphthalimide, Helianthus Annuus (Sunflower) Seed Oil, Hydroxypropyl

15      Methylcellulose, Melaleuca Alternifolia (Tee Tree) Oil, Olea Europe Fruit Oil

16      (Olive), Propylene Glycol, Sorbitan Oleate, Terminalia Ferdinandiana Fruit

17      Extract (Kakadu Pum), and others. Accordingly, Defendant is not entitled to

18      lawfully make representations that the product was "Made in U.S.A."

19   33. In making the decision to purchase Defendant's Product, Plaintiff relied upon

20      the advertising and/or other promotional materials prepared and approved by

21      Defendant and its agents and disseminated through its Class Products' packaging

22      containing the misrepresentations alleged herein. Had Plaintiff been made aware

23      that the Product was not actually "Made in U.S.A.," he would not have

24      purchased the Product. In other words, Plaintiff would not have purchased

25      Defendant's Product, but for the "Made in U.S.A." representation on

26      Defendant's Product's label.

27

28

HYDE & SWIGART
Consumer Protection Attorneys

34. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made in U.S.A." designation set forth on Defendant's Product and elsewhere.

35. In each case when Plaintiff and putative Class members purchased a Class Product, they relied upon Defendant's "Made in U.S.A." representation in their purchasing decision, which is typical of most U.S. consumers. Consequently, they were deceived as a result of Defendant's actions. Plaintiff believed at the time he purchased the Product that he was purchasing a superior quality product, supporting U.S. jobs and the U.S. economy, and also supporting ethical working conditions.

36. Component parts made in the U.S.A. are subject to strict regulatory requirements, including but not limited to environmental, labor, and safety standards.  Foreign made component parts are not subject to the same U.S. standards and as a result can be potentially much more dangerous to consumers, especially when ingested like Defendant's products. Further, foreign made component parts are also generally of lower quality than their U.S. made counterparts, and routinely less reliable and less durable than their U.S. made counterparts.

37. Consequently, Defendant's Class Products containing the foreign ingredients, including the Product purchased by Plaintiff, are of inferior quality, potentially more dangerous and less reliable, as Defendant falsely represented that these products are "Made in U.S.A." This results in lower overall customer satisfaction than if the products were truly "Made in U.S.A." and/or consisting of component parts made in the United States.

38. On information and belief, Defendant's products containing the foreign ingredients, including the Product purchased by Plaintiff, are not worth the purchase price paid by Plaintiff and Class members.  The precise amount of damages will be proven at trial, in large part, by expert testimony.

39. Plaintiff and Class members were undoubtedly injured as a result of Defendant's false "Made in U.S.A." representations that are at issue in this matter.

### Class Action Allegations

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to 2Federal Rules of Civil Procedure Rule 23.

42. Plaintiff represents, and is a member of the class, ("the Class") consisting of:

> All persons similarly situated within the state of California who purchased one or more of Defendant's Class Products, which were labeled with a "Made in U.S.A." country of origin designation (or similar words), but were foreign-made and/or composed of foreign-made component parts that constituted more than ten percent (10%) of the final wholesale value of the manufactured product, within the four years prior to the filing of the Complaint.

43. Excluded from the Class are Defendant and any of its officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

44. The "Class Period" means four years prior to the filing of the Complaint in this action.

45. **Ascertainability**. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are hundreds of thoU.S.Ands, if not more, members of the Class within the State of California. Because of the nature of Defendant's products, Defendant and Defendant's distributors must keep detailed and accurate records of distribution in order to accurately and effectively execute a recall if so ordered by the Food and Drug Administration or any other organization. Therefore, the members of the Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding retail

1  and online sales, as well as through public notice. This matter should therefore

2  be certified as a Class action to assist in the expeditious litigation of this matter.

3  46. **Numerosity**. The numerosity requirement of Federal Rules of Civil Procedure

4  Rule 23(a)(1) is satisfied for the aforementioned Class because the members of

5  the Class are so numerous and geographically disbursed that joinder of all Class

6  members is impractical, and the disposition of their claims in the Class action

7  will provide substantial benefits both to the parties and to the court.

8  47. **Existence and Predominance of Common Questions of Law and Fact**. There

9  is a well-defined community of interest in the questions of law and fact involved

10  affecting the parties to be represented. Common questions of fact and law exist

11  in this matter that predominate over questions that may affect individual Class

12  members, satisfying the requirement of Cal. Civ. Proc. Code § 382, including,

13  but not limited to, the following:

14  • Whether Defendant committed the wrongful conduct alleged herein;

15  • Whether Defendant's acts, transactions, or course of conduct constitute the

16  violations of law alleged herein;

17  • Whether Defendant, through its conduct, received money that, in equity and

18  good conscience, belongs to Plaintiff and Class Members;

19  • Whether the members of the Class sustained and/or continue to sustain

20  damages attributable to Defendant's conduct, and, if so, the proper measure

21  and appropriate formula to be applied in determining such damages; and

22  • Whether the members of the Class are entitled to injunctive and/or any other

23  equitable relief.

24  48. **Typicality**. As a person who purchased one or more of Defendant's products,

25  that were advertised with a "Made in U.S.A." country of origin designation (or

26  some derivative thereof), but contain foreign-made ingredients and/or composed

27  of foreign-made component parts, Plaintiff is asserting claims that are typical of

28  the Class. Plaintiff's claims involve the same violations of law by Defendant as

other Class members' claims.  Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Cal. Civ. Proc. Code § 382, with respect to the Class.

49. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code. Thus, Cal. Civ. Proc. Code § 382 is satisfied.

50. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a

single court.  Therefore, a class action is maintainable pursuant to Cal. Civ. Proc. Code § 382.

51. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will continue to, or allow its resellers to, advertise, market, promote, and package Defendant's Class Products in an unlawful and misleading manner, and Class Member will continue to be misled, harmed, and denied their rights under California law.

52. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Cal. Civ. Proc. Code § 382.

**First Cause of Action**

**Violation of California Consumers Legal Remedies Act**

**Cal. Civ. Code Section 1750, *et seq.***

53. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. California Civil Code Section 1750 *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."  The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

55. Defendant's products constitute "goods" as defined pursuant to Civil Code Section 1761(a).

HYDE & SWIGART
Consumer Protection Attorneys

56. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

57. Each of Plaintiff's and the Class members' purchases of Defendant's products constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

58. Civil Code Section 1770(a)(2), (4), (5), (7) and (9) provides that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services;
> (4) [u]sing deceptive representations or designations of geographic origin in connection with goods or services;
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;
> (7) Representing that goods or services are of a particular standard, quality, or grade…; [and]
> (9) Advertising goods or services with intent not to sell them as advertised."

59. Defendant violated Civil Code Section 1770(a)(2), (4), (5), (7) and (9) by marketing and representing that its Class Products are "Made in U.S.A." when the final wholesale value of the manufactured product's articles, units, or parts contains more than ten percent (10%) foreign-made or manufactured ingredients.

60. Pursuant to section 1782(d), by letters dated October 10, 2017, Plaintiff notified Defendant in writing by certified mail of the particular violations of section 1770 and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.

61. It is alleged on information and belief that Defendant and/or Defendant's representatives received said letter in or around October 2017 because

Defendant acknowledged its receipt in a separate letter dated November 22, 2017.

62. Defendant failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within thirty days of the date of written notice pursuant to section 1782. Therefore, Plaintiff and the Class further seek actual, punitive, and statutory damages, as deemed appropriate.

63. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant, nonetheless, engaged in such unfair and deceptive conduct.

64. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

65. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made in U.S.A." representations set forth on Defendant's actual products.

66. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

67. Plaintiff, on behalf of herself and the Class demand judgment against Defendant for damages, restitution, punitive damages, statutory damages, pre- and post-judgment interest, attorneys' fees, injunctive and declaratory relief prohibiting such conduct in the future, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

68. Pursuant to section 1780(e) of the California Civil Code, Plaintiff and the Class make claims for damages and attorneys' fees and costs.

69. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

**Second Cause Of Action**

**Violation of Business & Professions Code**

**Bus. & Prof. Code, Section 17533.7**

70. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. Business & Professions Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America, " U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

72. Defendant violated Bus. & Prof. Code § 17533.7 by selling and offering to sell products in the State of California with the "Made in U.S.A." country of origin designation as fully set forth herein. The Class Products at issue contain articles, units, or parts obtained from outside the United States, all of which constitute more than ten percent of the final wholesale value of the manufactured product in violation of California law.

73. On information and belief, Defendant's violations of Bus. & Prof. Code § 17533.7 as set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and

Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

74. As a direct and proximate result of Defendant's violations of Bus. & Prof. Code § 17533.7, Plaintiff and the Class are entitled to restitution of excess monies paid to Defendant by Plaintiff and the Class relating to the false "Made in U.S.A." representations set forth on Defendant's actual products' labels and/or packaging used by Defendant to sell Defendant's products.

75. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

**Third Cause Of Action**

**Violation of Business & Professions Code**

**Bus. & Prof. Code, Section 17200, *et seq.***

76. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

78. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

79. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices prohibited by Bus. & Prof. Code § 17200 *et seq.*

### A. *"Unlawful" Prong*

80. Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 et seq. by manufacturing, distributing, and/or marketing Defendant's Class Products with a false country of origin designation, in violation of California's CLRA, Civil Code § 1750, et seq., California's False Made In the U.S.A statute, Bus. & Prof. Code §§ 17533.7 by falsely representing that the products referenced herein are "Made in U.S.A." when Defendant's products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

### B. *"Unfair" Prong*

81. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 et seq. Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Defendant's products with a false country of origin designation, of in violation of California's CLRA, Civil Code § 1750, et seq. and California's False Made In the U.S.A statute, Bus. & Prof. Code §§ 17533.7 by falsely representing that the products referenced herein are "Made in U.S.A." when Defendant's products are composed of articles, units, or parts obtained outside

1    the United States which constitute more than ten percent (10%) of the final

2    wholesale value of the manufactured product.

3    82. Alternatively, Defendant engaged in a pattern of "unfair" business practices that

4    violate the wording and intent of the abovementioned statute/s by engaging in

5    practices that are immoral, unethical, oppressive or unscrupulous, the utility of

6    such conduct, if any, being far outweighed by the harm done to consumers and

7    against public policy by manufacturing, distributing, and/or marketing

8    Defendant's Class Products with a false country of origin designation, in

9    violation of California's CLRA, Civil Code § 1750, et seq. and California's

10    False Made In the U.S.A statute, Bus. & Prof. Code §§ 17533.7 by falsely

11    representing that the products referenced herein are "Made in U.S.A." when

12    Defendant's products are composed of articles, units, or parts obtained outside

13    the United States which constitute more than ten percent (10%) of the final

14    wholesale value of the manufactured product.

15    83. Alternatively, Defendant engaged in a pattern of "unfair" business practices that

16    violate the wording and intent of the above mentioned statute/s by engaging in

17    practices, including manufacturing, distributing, marketing, and/or advertising

18    Defendant's products with a false country of origin designation, wherein: (1) the

19    injury to the consumer was substantial; (2) the injury was not outweighed by any

20    countervailing benefits to consumers or competition; and (3) the injury was not

21    of the kind that consumers themselves could not have reasonably avoided.

22                            **C. *"Fraudulent" Prong***

23    84. Beginning at a date currently unknown and continuing up through the time of

24    this Complaint, Defendant engaged in acts of unfair competition, including those

25    described above and herein, prohibited and in violation of Bus. & Prof. Code §

26    17200 *et seq.*, by engaging in a pattern of "fraudulent" business practices within

27    the meaning of Bus. & Prof. Code § 17200 *et seq.*, by manufacturing,

28    distributing, and/or marketing Defendant's Class Products in violation of

California's CLRA, Civil Code § 1750, *et seq.* and California's False Made In the U.S.A statute, Bus. & Prof. Code §§ 17533.7 by falsely representing that the products referenced herein are "Made in U.S.A." when Defendant's products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

85. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. *"Unfair, Deceptive, Untrue or Misleading Advertising" Prong*

86. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's Class Products are made in the U.S.A, when Defendant's products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

87. Plaintiff, a reasonable consumer, and the public would likely be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary U.S.Age, that the products are actually made in the U.S.A.

88. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

89. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

90. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq.* Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

91. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

92. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on Defendant's fraudulent representations.

93. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on the Defendant's Products.

94. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

## Fourth Cause of Action for
## Negligent Misrepresentation

95. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

96. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that Defendant's Class Products are made in the U.S.A, when Defendant's products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

97. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff and putative class members, to purchase Defendant's Class Products.

98. Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the Class Products, as described herein.

99. At all times relevant, Defendant made the misrepresentations herein alleged when Defendant should have known these representations to be untrue, and had no reasonable basis for believing the representations to be true.

100. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Class Products, due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

## Fifth Cause of Action for

## Intentional Misrepresentation

101. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

102. At a date presently unknown to Plaintiff, but at least three years prior to the filing of this action, and as set forth above, Defendant intentionally represented to the public, including Plaintiff, by promoting and other means, that Defendant's Class Products are made in the U.S.A, when Defendant's products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

103. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Defendant's Class Products for Defendant's own financial gain.

HYDE & SWIGART
Consumer Protection Attorneys

104. Defendant intentionally made such misrepresentations by printing on the Class Products' labels that they were "Made in U.S.A."

105. The statement regarding Defendant's Class Products as being "Made in U.S.A" was misleading because Defendant's products are composed of articles, units, or parts obtained outside the United States which constitute more than ten percent (10%) of the final wholesale value of the manufactured product.

106. Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on such representations, purchased the Class Products, as described above.

107. At all times relevant, Defendant intentionally made the misrepresentations herein alleged, allowed the misrepresentations to continue to be made by its resellers and Defendant knew the representations to be false.

108. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendant's misrepresented Products.

109. Defendant knew that its Class Products were composed of articles, units, or parts obtained outside the United States which constituted more than ten percent (10%) of the final wholesale value of the manufactured product, but nevertheless made the representations described herein with the intention that consumers rely on Defendant's representations.

110. Defendant also knew that retailers were advertising its Class Products as "Made in U.S.A.," as Defendant designed, manufactured, and affixed the product labeling to its Class Products before supplying the products to retailers.

111. Plaintiff and other consumers similarly situated, in purchasing and using the Class Products as herein alleged, did rely on Defendant's representations, including the representations on Defendant's Class Products' labels, all to their damage and/or detriment as herein alleged.

112. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

- The "who" is Defendant;
- The "what" is representation that Defendant's Class Products are "Made in U.S.A.";
- The "when" is the date Plaintiff purchased the product and the Class Period of four years prior to the filing of the Complaint;
- The "where" is in Defendant's product labeling; and
- The "how" is the allegation that Defendant did not disclose that its Class Products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.
- By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover exemplary or punitive damages.

### Prayer For Relief

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action;
- That the Court certify Plaintiff to serve as the Class representative in this matter;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;
- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 7/24/18                                    **Hyde & Swigart, APC**

By: /s/ Yana A. Hart
     Yana A. Hart, Esq.
     Attorney For Plaintiff

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:   (800) 520-5523