# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE BAUMAN, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUSTRALIAN GOLD, LLC and DOES 1-10,<br><br>Defendant. | Case No.: 3:18-cv-1682-L-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. 9]** |

Pending before the Court is Defendant Australian Gold, LLC ("AGL" or "Defendant") motion to dismiss Plaintiff Stephanie Bauman's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or motion to strike portions of the complaint under Rule 12(f) of the Federal Rules. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Defendant's motion.

I. **BACKGROUND**

On November 16, 2015, Plaintiff purchased Defendant's product, Australian Gold Spray Gel with Instant Bronzer. At the time of Plaintiff's purchase, the purchase product was labeled "Made in U.S.A." However, the product contained components made outside

1

the United States, consisting of more than ten percent (10%) of the final wholesale value of the product. Defendant manufactures, markets, sells various sun care products and label its products "Made in U.S.A." Plaintiff purchased Defendant's product in reliance on the representation that the product was "Made in [the] U.S.A."

On July 24, 2018, Plaintiff filed a Complaint against Defendant. The Complaint alleged the following five causes of action: (1) violation of the Consumer Legal Remedies Act ("CLRA") – Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of Fair Advertising Law ("FAL") Cal. Bus. & Prof. Code § 17533.7; (3) violation of Unfair Competition Law ("UCL") – Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) Negligent Misrepresentation; and (5) Intentional Misrepresentation. Defendant filed a motion to dismiss the complaint on standing grounds and due to procedural shortfalls made by Plaintiff in filling her CLRA claim. Defendant also seeks to strike Plaintiff's prayer for injunctive relief on standing grounds. Plaintiff opposes each of Defendant's contentions but admits to failing to file an affidavit with her CLRA claim as required by California Civil Code section 1780(d). For that reason, the Court dismisses Plaintiff's CLRA claim without prejudice and addresses Defendant's standing conditions below.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Rule 12(f) provides that a "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike an affirmative defense is proper where (1) the defense is redundant; (2) the defense is not pleaded with adequate particularity to provide the Plaintiff with fair notice of what is being asserted; (3) the defense would lack merit under any facts the plaintiff might allege; and (4) where the defense attacks a claim for which the burden of proof belongs to the plaintiff. *Id.* (redundancy); *Simmons v. Navajo Cnty. Arizona*, 609 F.3d 1011, 1023 (9th Cir. 2010) (fair notice); *Kohler v. Islands Rest., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (legal insufficiency); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (plaintiff's burden of proof).

### III. DISCUSSION

Defendant contends that Plaintiff does not have standing to bring class claims because Plaintiff failed to allege that the product she purchased was substantially similar to the unpurchased product made by Defendants.

Proposition 64 restricts individual standing in UCL and FAL claims to persons who "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535; *see Kwikset Cop. v. Superior Court*, 51 Cal.4th 310, 321 (2011) (recognizing Proposition 64 made UCL and FAL standing provisions identical). In order to bring an individual CLRA claim, a person must both be exposed to an unlawful practice and damage of some kind must result. *Meyer v. Sprint Spectrum LP.*, 45 Cal.4th 634, 641 (2009). "In the Ninth Circuit, there is 'no controlling authority' on whether a plaintiff in a class action has standing to assert claims

based on products [she] did not purchase." *Morales v. Unilever U.S., Inc.*, 2014 WL 1389613, at *4 (E.D. Cal. Apr. 9, 2014) (quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F.Supp.2d 861, 868 (N.D. Cal. 2012)). Nevertheless, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase as long as the products and alleged misrepresentations are substantially similar." *Id.* "Factors that . . . courts have considered include whether the challenged products are the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Id.* (quoting *Wilson v. Frito-Lay N. Am.*, 961 F.Supp.2d 1134, 1140-41 (N.D. Cal. 2013)).

Plaintiff relies on three cases to assert that she has standing to pursue claims on the unpurchased AGL products: *Brown v. Hain Celestial Group, Inc.*, 913 F.Supp.2d 881, 891 (N.D. Cal. 2012) (holding that plaintiffs had standing to bring claims on unpurchased products the misrepresentation at the crux of plaintiffs' case was identical across product lines); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012) (rejecting defendant's motion to dismiss because Plaintiffs were mainly challenging the same basic mislabeling across different product flavors); *Koh v. S.C. Johnson & Son, Inc.*, 2010 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010) (deferring its ruling on the standing issue until the class certification stage and denying defendant's motion to dismiss).

The instant case is distinguishable. While this case concerns allegedly identical mislabeling of the purchased and unpurchased products like the cases above, the Court finds that the essence of Plaintiff's claims stems from where Defendant sources the ingredients for its products. Accordingly, this case is outside the *Brown, Astiana,* and *Koh* sphere of jurisprudence. Notwithstanding, the Court reasons that those courts benefitted from enough detail in the allegations to draw comparisons between purchased and unpurchased products in order to make a standing determination. To that extent, Plaintiff's Complaint falls short of providing sufficient detail for the Court to find that the product

Plaintiff purchased was substantially similar to the seventy plus (70+) unpurchased products Plaintiff attempts to include. For example, while Plaintiff specifically alleges the foreign ingredients contained in the purchased product [Doc. 1 at ¶ 32], the Complaint is devoid of any mention of the ingredients contained in the unpurchased products. Without allegations of the foreign ingredients contained in the unpurchased products, the Court must find the Complaint fails to demonstrate that the products are comprised of largely the same ingredients.

Moreover, Plaintiff generally alleges that "Defendant manufactures, markets and/or sells various products[.]" Doc. 1 at ¶ 24. Plaintiff attaches a list of seventy-two (72) products sold under the AGL product lines to the Complaint [*see* Doc. 1-2] but fails to allege that these products are of the same type as the purchased product.[1] While Plaintiff contends that the products all represent sun care products, the Court speculates whether products serving different purposes (i.e. tanning vs. sunscreen) are similar enough chemically to call for similar ingredient sourcing. Plainly, certain AGL products could be "Made in [the] U.S.A." because the ingredient composition calls for it, while others call for the use of foreign ingredients. In the Complaint, Plaintiff does not connect the products beyond their attachment to the Complaint. As such, the Court also finds Plaintiff failed to alleged whether the purchased product and the unpurchased products are of a similar type.

For the reasons stated above, the Court finds that Plaintiff does not have standing to bring class claims on the unpurchased products as the Complaint fails to allege substantial similarity between the purchased and unpurchased products.

Lastly, Defendant contends Plaintiff lacks standing to pursue injunctive relief. The Court does not agree. As Plaintiff points out, "Injunctive relief focuses on the defendant's conduct, and a plaintiff need only show defendant's conduct is likely to 'recur' in order to

---

[1] While Plaintiff alleged that she purchased Defendant's product, Australian Gold Spray Gel with Instant Bronzer, the Court is unsure which spray gel she purchased as the attached product list contains five (5) spray gels with instant bronzer. *See* Doc. 1-2.

obtain injunctive relief under UCL, to further protect competitors and the public at large." Doc. 10 at 25 (citing *In re Tobacco II Cases*, 46 Cal.4th 298, 320 (2009)). The Complaint alleges Defendant is currently using the challenged "Made in U.S.A." representation on its products. Accordingly, the Court finds that Plaintiff has standing to pursue injunctive relief because the Complaint alleges the possibility of recurrence of injury.

## IV. LEAVE TO AMEND

Given the liberal amendment policy enshrined in Fed. R. Civ. P. 15(a), the Court will grant Plaintiff leave to amend. If Plaintiff chooses to file an amended complaint, she is advised to make her allegations with greater clarity and particularity.

## V. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS WITHOUT PREJUDICE** Defendant's motion to dismiss [Doc. 9]. If Plaintiff chooses to file an amended complaint, she must do so within twenty-one (21) days of the entry of this order.

**IT IS SO ORDERED.**

Dated: May 31, 2019

Hon. M. James Lorenz
United States District Judge